# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CARLOS SANCHEZ,**
**Claimant Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-246**        (JCN: 2020022540)

**NORTH STAR PAINTING COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carlos Sanchez appeals the May 8, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent North Star Painting Company, Inc. ("North Star") timely filed a response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Mr. Sanchez a 0% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 9, 2020, Mr. Sanchez fell off of a platform and landed on his knee while employed as a painter and sandblaster for North Star. Mr. Sanchez underwent an open reduction and internal fixation of the left femur and later underwent an arthroscopy of the left knee with abrasion chondroplasty patella and trochlea. The record is unclear as to the compensable diagnoses in the claim. Mr. Sanchez participated in twenty-four physical therapy sessions. According to the discharge summary, dated January 18, 2021, from the SHP Rehabilitation and Wellness Center, Mr. Sanchez's left knee range of motion was within normal limits.

When the time came to assess Mr. Sanchez's permanent impairment resulting from the injury, he underwent an independent medical evaluation ("IME") performed by S. Joshua Szabo, M.D., on March 11, 2021. Dr. Szabo noted that Mr. Sanchez had sustained a left femoral neck fracture, a left knee sprain/strain/contusion, and temporary aggravation

---

[1] Mr. Sanchez is represented by James T. Carey, Esq. North Star is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

of preexisting patellar chondromalacia, all of which he considered to be functionally recovered. Dr. Szabo noted no range of motion deficits. Dr. Szabo placed Mr. Sanchez at maximum medical improvement ("MMI") and, using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), found that Mr. Sanchez sustained 0% whole person impairment ("WPI") related to his occupational injury. By order dated April 8, 2021, the claim administrator granted Mr. Sanchez a 0% PPD award in accordance with Dr. Szabo's report. Mr. Sanchez protested the order to the Board.

Bruce Guberman, M.D., performed an IME of Mr. Sanchez on March 31, 2022. Upon examination, Dr. Guberman found that Mr. Sanchez had a left knee contracture, meaning the knee would not extend to 0 degrees. Dr. Guberman also found range of motion deficits in Mr. Sanchez's left hip. Using the *Guides*, Dr. Guberman assessed a 4% WPI for the left knee contracture and a 2% WPI for the range of motion deficits in the left hip, which totaled a 6% WPI related to the compensable injury.

Dr. Szabo authored a supplemental report dated January 31, 2023, in which he opined that "Dr. Guberman's physical examination w[as] discrepant with the other examinations." Dr. Szabo noted that both the examination from SHP Rehabilitation and Wellness Center and his own examination indicated no range of motion abnormalities. Dr. Szabo stated that Mr. Sanchez's diagnoses would not be expected to have a delayed flexion contracture or asymmetry of hip motion and that he could not find an explanation for the discrepancies between Dr. Guberman's examination and the documentation from himself and other providers.

By order dated May 8, 2023, the Board affirmed the claim administrator's order, which granted Mr. Sanchez a 0% PPD award in accordance with Dr. Szabo's report. The Board concluded that Dr. Guberman's recommendation was not reliable when considered with the other evidence of record. Specifically, the Board noted that neither Dr. Szabo nor the physical therapist from SHP Rehabilitation and Wellness Center found any range of motion deficits for flexion contracture of the left knee. The Board found that Dr. Guberman failed to provide any explanation for the variance in his range of motion measurements or an explanation for why the contracture was not present in 2021 but had appeared by the time of Dr. Guberman's 2022 IME. Accordingly, the Board found that Dr. Szabo's report was more persuasive and affirmed the claim administrator's order granting a 0% PPD award. Mr. Sanchez now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

2

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Sanchez argues that the Board erred in affirming the 0% PPD award when the evidence demonstrates that he sustained greater impairment. According to Mr. Sanchez, the evidence demonstrates that he sustained a severe fracture requiring surgery and continues to have range of motion deficits. Mr. Sanchez contends that, while the Board found that Dr. Guberman's report was inconsistent with the other evidence of record, the only other evidence is the self-serving reports of the claim administrator, North Star's chosen evaluator, and a single physical therapy discharge report. As such, Mr. Sanchez avers that the Board clearly erred in affirming the claim administrator's order granting him a 0% PPD award in accordance with Dr. Szabo's recommendation.

Upon review, we find that Mr. Sanchez failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we are unable to conclude that the Board erred in awarding Mr. Sanchez a 0% PPD award in accordance with Dr. Szabo's recommendation.

Here, the Board found that Dr. Guberman's report was unreliable because his range of motion measurements were not supported by the other evidence of record. Importantly, Mr. Sanchez's physical therapist discharged him from services in January of 2021 and noted that Mr. Sanchez had full range of motion in his left knee. Dr. Szabo also examined Mr. Sanchez in early 2021 and noted no range of motion deficits. Inexplicably, Dr. Guberman found range of motion deficits in Mr. Sanchez's knee a year later in 2022. Dr. Guberman failed to explain why Mr. Sanchez sustained a delayed left knee contracture that was related to the compensable injury. Dr. Szabo reviewed Dr. Guberman's report and found no explanation for the delayed range of motion deficits noted by Dr. Guberman.

We find that Mr. Sanchez fails to demonstrate that the Board was clearly wrong and, rather, asks this Court to reweigh the evidence in his favor. However, we find the evidence sufficient to support the Board's order granting Mr. Sanchez a 0% PPD award and give deference to the Board's findings. *See W. Va. Off. of Ins. Comm'r v. Johns*, No. 21-0811, 2023 WL 3968686, at *3 (W. Va. Jun. 13, 2023) (memorandum decision) ("This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review[.]").

Accordingly, we affirm the Board's May 8, 2023, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen


Judge Thomas E. Scarr, not participating